Graham, Judge,
delivered the opinion of the court:
This is a suit to recover taxes for which a claim for refund had been filed. It embraces three grounds of recovery. The first grows out of the claimed right to deduct income and excess-profits taxes paid by plaintiff’s branch in England to the British Government. The second involves invested capital for each of the years 1917, 1918, and 1919, and the question whether the value of certain stock purchased by the plaintiff in 1901 should be allowed as a part of its surplus, and the third, whether the plaintiff should be allowed deductions for amounts donated to the American Bed Cross and other organizations of a similar character.
We will take up the last of these questions first, as to the donations to the American Bed Cross. The facts and the principle of the applicable statutes are for all purposes no different from those in Consolidated Gas Electric Light & Power Co. v. United States, 65 C. Cls. 252, 257, et seq., where a certiorari was denied on October 15, 1928, and the case of Afred J. Sweet, Inc., v. United States, decided by this court February 4, 1929 [66 C. Cls. 654]. It therefore must be held that as to the credit for donations to the Bed Cross and other organizations the plaintiff can not recover.
We will next take up the first question of the right to a credit for taxes paid the British Government. The right to recover depends in this instance upon whether the plaintiff kept its books on an accrual or cash basis. An examination of its books and its system of accounts by the Commissioner of Internal Bevenue satisfied that official that they were kept on an accrual basis within the meaning of the statute, and he so ruled. It is admitted that no system of bookkeeping will probably be found which is on a 100% accrual basis. In almost every case where books are kept on an accrual basis, as a general principle of business, there *704 are instances where certain accounts, small and sometimes covering a small percentage, are kept on a cash basis. We therefore concur in the ruling of the commissioner that the books were kept on an accrual basis.
The court has found that while it appears that some of the accounts of the plaintiff were kept upon a cash basis and the British account among them, it does not clearly appear what proportion was kept on the accrual basis, or that the greater proportion of its business was not kept upon the accrual basis as held by the Commissioner of Internal Revenue, and it does not satisfactorily appear that the commissioner was in error in concluding that the books were kept upon an accrual basis.
Without entering into a discussion of when a tax accrues, we conclude from what has just been said that the holding of the commissioner that the books were kept upon an accrual basis must be sustained, it not satisfactorily appearing that in this he was in error, especially as it does not appear that the plaintiff presented any proof of the character of its general books of account in the United States either in 1918 or prior thereto. The presumption is in favor of the commissioner’s finding and must be overcome. United States v. Rindskopf, 105 U. S. 418; United States v. Anderson, 269 U. S. 422. Where only a relatively small part has been on the cash basis it must be held that the income should have been returned upon an accrual basis. United States v. Anderson, supra; W. S. Barstow & Co., Inc. v. Bowers, 15 Fed. (2d) 75; Theodore Stanfield et al., 8 B. T. A. 787, 823; Hyams Coal Co. v. United States, 26 Fed. (2d) 805; and the Max Schott case, 5 B. T. A. 79.
Pratt and Whitney stock. — The plaintiff is here asking for a refund, which was refused, growing out of the following facts: The Commissioner of Internal Revenue in computing the income and excess-profits taxes of the plaintiff for the years 1917, 1918, and 1919, decreased the plaintiff’s invested capital by reducing its earned surplus in the sum of $1,370,579.06, which represented the difference between the cash paid, $154,420.94 for 15,250 shares of the stock of the Pratt & Whitney Company, which the plaintiff took over, and the par value of that stock, $100, which the plain *705 tiff claims was its value at the time of the purchase. The plaintiff had deducted from this par value the cash purchase price actually paid and had passed the difference, the said sum of $1,370,579.06, to earned surplus. The commissioner held that it was not earned surplus, that the stock was worth the cash sum which the plaintiff paid for it at the time it was purchased and reduce'd its earned surplus accordingly, and upon this basis assessed á deficiency tax for each of these years.
The question is whether the commissioner was justified in the action which he took.
The court has found that ,the Pratt & Whitney Co. stock at the time of the purchase was worth no more than what the plaintiff paid for it, viz, $154,420.94, that it did not cost the plaintiff any more than this sum, nor was there anything other than the cash paid for it contributed by the plaintiff, as consideration for it, and that the value of the stock at the time it was purchased and sold to the plaintiff was the cash sum paid for it. In view of this finding of the court the case is ruled by LaBelle Iron Works v. United States, 256 U. S. 377, 387, 388, 391. These considerations dispose of this branch of the plaintiff’s claim, and the action of the Commissioner of Internal Revenue is upheld as to this claim.
It follows from the foregoing that the plaintiff is not entitled to recover on any one of the three claims set forth in its petition. The petition should be dismissed, and it is so ordered.
Sinnott, Judge; Gkeen, Jnidge; Moss, Judge; and Booth, Chief Justice, concur.