SCHUMAN CARRIAGE COMPANY, LTD., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 90012. Promulgated March 12, 1941.

*Urban E. Wild, Esq., Milton Cades, Esq.,* and *E. R. Cameron, C. P. A.,* for the petitioner.

*T. M. Mather, Esq.,* for the respondent.

# 884

OPINION.

SMITH: The first question in issue is whether the petitioner derived a taxable gain of $23,967.68 in 1934 from the partial liquidation of Schuman Motors.

The applicable provision of the statute with regard to distributions in liquidation is section 115 of the Revenue Act of 1934, which reads in material part as follows:

SEC. 115. DISTRIBUTIONS BY CORPORATIONS.

\* \* \* \* \* \* \*

(c) DISTRIBUTIONS IN LIQUIDATION.—Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112. Despite the provisions of section 117 (a), 100 per centum of the gain so recognized shall be taken into account in computing net income. \* \* \*

\* \* \* \* \* \* \*

(i) DEFINITION OF PARTIAL LIQUIDATION.—As used in this section the term "amounts distributed in partial liquidation" means a distribution by a corporation in complete cancellation or redemption of a part of its stock, or one of a series of distributions in complete cancellation or redemption of all or a portion of its stock.

In *Fred T. Wood*, 27 B. T. A. 162, 166, the Board stated:

\* \* \* There must be a manifest intention to liquidate, a continuing purpose to terminate its affairs and dissolve the corporation, and its activities must be directed and confined thereto. It contemplates an impairment of capital or a retirement of outstanding stock, though a distribution, if one of a series of distributions in liquidation, may be a liquidating dividend even if it, of itself, does not impair capital. \* \* \*

In *Horn & Hardart Baking Co.* v. *United States* (U. S. Dist. Ct., E Dist. Pa.), 34 Fed. Supp. 89, it was said:

\* \* \* The fact that a resolution to dissolve has not been adopted at the time of distribution does not of itself prevent a distribution from constituting a

liquidating dividend, the determining element being *whether the distribution was made with the intent to maintain the corporation as a going concern or with the intent to liquidate the business.* * * * [Italics ours.]

See also *Frelmort Realty Corporation*, 29 B. T. A. 181, 189; *Ward M. Canaday, Inc.*, 29 B. T. A. 355, 361; affd., 76 Fed. (2d) 278; certiorari denied, 296 U. S. 612; *Rollestone Corporation*, 38 B. T. A. 1093, 1105; *Holmby Corporation*, 28 B. T. A. 1092; affd., 83 Fed. (2d) 549.

As indicated above, in *Horn & Hardart Baking Co.* v. *United States*, *supra*, a resolution to dissolve or to pay a liquidating dividend is not necessary if the facts show an actual liquidation.

It is the contention of the respondent herein that, inasmuch as the petitioner was the sole stockholder of Schuman Motors and received the cash collections of that corporation during 1934, and that after 1934 the activities of Schuman Motors were greatly curtailed, it must be held that there was a partial liquidation of Schuman Motors in 1934.

We do not think that this position can be sustained. The officers of Schuman Motors testified that it was not their intention or the intention of the petitioner prior to 1938 to liquidate Schuman Motors. There is no reason to question their testimony. Schuman Motors surrendered its Studebaker agency in 1934. It was not dissolved, since it was expected that it would obtain another agency and continue in active business.

The petitioner throughout 1934 and until 1938 acted as fiscal agent for its subsidiary the same as it had prior to 1934. The activities of Schuman Motors were greatly lessened after it canceled its Studebaker agency, but such activities continued until 1938.

Schuman Motors declared and paid "a special dividend" on December 21, 1934. This was paid, however, out of earned surplus. It was not a liquidating dividend. Cf. *Helvering* v. *Edison Securities Corporation* (C. C. A., 4th Cir.), 78 Fed. (2d) 85.

The Schuman Motors did liquidate in 1938. It was clearly taxable in that year upon the gain resulting from that liquidation. In *Walker Products Corporation*, 30 B. T. A. 636, we held in a comparable case that a loss sustained on the final liquidation was a legal deduction from gross income. This is the converse of that situation.

Upon the entire record we are of the opinion that the respondent erred in his determination that the petitioner realized a taxable gain of $23,967.68 in the year 1934 from the partial liquidation of Schuman Motors.

The second question in issue is whether the respondent erred in adding to the interest income reported by the petitioner for 1934 the amount of $4,787.04. This amount was added to the net income for the purpose of placing the petitioner upon an accrual basis with respect to its interest income, the other items of income and expense being

reported upon the accrual basis. On brief, the respondent claims that the amount which should have been added to the interest income reported is $5,012.04. The computation by which this amount is arrived at is not shown.

It will be noted from our findings that over a long period of years prior to 1934 the petitioner's books of account were kept and its income tax returns made upon the accrual basis except as to interest income. The respondent's agents examined the returns filed for all the years prior to 1934 and, although fully aware of the manner in which the books of account were kept and the returns were made, accepted the returns without placing the interest income upon the accrual basis. The respondent has determined, however, that for the year 1934 the interest income item should be upon the accrual basis and that for 1934 there should be added to the interest collections in 1934 the amount of $4,787.04.

It is the petitioner's contention herein that, since it has requested no change in the method of reporting its income and has made no change in its bookkeeping methods, the respondent was not authorized to place its interest income upon the accrual basis; secondly, that if the interest income is to be reported on the accrual basis, only the amount of interest which accrued during the calendar year 1934 should be taken into account.

Section 41 of the Revenue Act of 1934 provides in part:

The net income shall be computed upon the basis of the taxpayer's annual accounting period * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income. * * *

In *Hygienic Products Co.*, 37 B. T. A. 202; affd. (C. C. A., 6th Cir.), 111 Fed. (2d) 330, the Board said:

* * * The hybrid system of accounting is not proper, *Massachusetts Mutual Life Insurance Co.* v. *United States*, 288 U. S. 269; *Maine Dairy Co.*, 4 B. T. A. 375; *Niles Bement Pond Co.* v. *United States*, 67 Ct. Cls. 693; affd., 281 U. S. 357; *John I. Chipley*, 25 B. T. A. 1103; *Coatesville Boiler Works*, 9 B. T. A. 1242; and *Edwards Drilling Co.*, 35 B. T. A. 341, on appeal to 5th C. C. A.; and the system used being predominantly the accrual method, the respondent was clearly justified in setting up petitioner's income on that basis. The return on its face showed that petitioner has chosen to use such basis. It should not complain because the respondent has done so. * * *

Approval by Congress for the filing of returns upon the accrual basis was first provided for in the Revenue Act of 1916, section 8. In *United States* v. *Anderson*, 269 U. S. 422, the Court said that the purpose of permitting taxpayers to file returns upon the accrual basis was "to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned

during the taxable period, the expenses incurred in and properly attributable to the process of earning income during that period."

The Board is not insensible to the fact that many taxpayers keeping their books of account and making their returns on the so-called accrual basis do not accrue every item of income and every item of expense which might be accrued, although the aim of the accrual system is to reflect the net income earned during a given period. The accrual system is often not employed to its full extent. This is especially so in the case of small businesses and of small items of income and expense. Thus, we find that in the case of smaller corporations interest income upon notes receivable and accounts receivable is often not computed at the end of the taxable period and taken into account. It is not worth while to make such computations and the net income over a period of years is substantially the same whether such interest income is reported upon a cash basis or upon the accrual basis. We also find that in many cases taxes are deducted from gross income and paid and many other items of expense are claimed and allowed as deductions when paid, although the total expense is not strictly allocable to the taxable period. Thus, it is common for a taxpayer on the accrual basis to treat as an expense of the taxable year the full amount of the premium paid on a three-year fire insurance policy and the full amount paid for supplies purchased, although the supplies may not all be consumed during the taxable period. Where the accrual system is more fully developed the prepaid insurance is carried as an asset at the end of the taxable year as are also the supplies on hand. It is also to be noted that the respondent in his regulations recognizes that there are certain overlapping items, both of income and expense, which do not materially distort the income, and he has ruled that they may be included in the year in which the taxpayer, pursuant to a consistent policy, takes them into his accounts. Article 43-2, Regulations 86. He has also provided in article 41-3 as follows:

*Methods of accounting.*—It is recognized that no uniform method of accounting can be prescribed for all taxpayers, and the law contemplates that each taxpayer shall adopt such forms and systems of accounting as are in his judgment best suited to his purpose. Each taxpayer is required by law to make a return of his true income. He must, therefore, maintain such accounting records as will enable him to do so. * * *

The courts have generally recognized the fact that under the provisions of the income tax law the respondent has a large discretion as to whether the method of accounting employed by a taxpayer correctly reflects his income. See *Hardy, Inc.* v. *Commissioner* (C. C. A., 2d Cir.), 82 Fed. (2d) 249; *Niles Bement Pond Co.* v. *United States,* 67 Ct. Cls. 693; affd., 281 U. S. 357. Where his discretion is not abused the courts will sustain his determination.

In his deficiency notice the respondent gives as the reason for placing the petitioner's interest income upon the accrual basis the following:

Your books of account were kept and your return was rendered on the accrued basis. (Schedule 1-A (b) of Revenue Agent's report).

You state in your brief, page 13 (b), that although your accounting has been on the accrual basis, you have made an exception in respect of your interest income which has been recorded when, and as, received, and that this practice has been followed consistently since your business began in 1901.

In this connection, you are advised that it has been held that:

"* * * a system of accounting having been adopted by a taxpayer, such system will determine *when*, and *in what manner* his income shall be taxable." *Appeal of Clarence Schock*, (1 B. T. A. 528, 530).

"Where a relatively small part has been on the cash basis, it must be held that the income should have been reported on the accrual basis." (*Niles Bement Pond Co. v. United States*, 67 Ct. Cl. 693, affirmed 281 United States 357; Cumulative Bulletin VIII-2, pp. 320, 321).

"Minor deviations from the method in keeping the books are not sufficient to cause the books to be placed on another basis." (*M. D. Rowe*, 7 B. T. A. 903; Prentice Hall—1937—#6069).

In view of the foregoing it is held that the interest accrued on your books in 1934 is taxable in that year.

It is evident that what the respondent means by the last quoted sentence is that there shall be included in the interest income for 1934 the amount of the interest collections in that year plus the uncollected interest at December 31, 1934, which, as shown by an exhibit attached to the deficiency notice, was determined to be $4,787.04. We think that it is immaterial that the stipulated facts in this case show that the petitioner has never recorded in its books of account interest accrued but only interest collected. The question in issue upon the pleadings is whether the respondent erred in adding to the interest income reported the amount of $4,787.04.

It seems clear to us that the respondent made the adjustment in the petitioner's interest income for 1934 because in his opinion the method of accounting employed by the petitioner did not clearly reflect its income for that year.

The second argument of the petitioner is that, if its interest income for 1934 is to be reported upon the accrual basis, there should be taken into gross income on account of interest only $12,286.40, which is the stipulated amount of interest which accrued over the 12-month period ended with December 31, 1934. The petitioner states that it included in interest income its interest collections for 1934, which were in the amount of $13,354.33, and it insists that no greater amount of interest income should be included in the gross income.

It is the respondent's position that if the uncollected interest at the end of 1934 is not taken into income in 1934, the year in which the respondent has adjusted the petitioner's interest income to an accrual basis, it will never be taken into income.

A case presenting a situation somewhat analogous to that presented by the instant proceeding is *Hardy, Inc.* v. *Commissioner, supra.* In that case the taxpayer prior to 1926 had made its returns upon a cash basis. It was engaged in a merchandising business. In 1926 the taxpayer asked permission of the respondent thereafter to make returns upon the accrual basis. The respondent advised it that no such permission was necessary, inasmuch as the nature of its business required it to make returns upon the accrual basis, and he amended the return filed on the cash basis for 1925 to the accrual basis and added to the gross income on such basis the amount of the accounts receivable outstanding at the beginning of the year. The action of the respondent was sustained by the Board. The Board's decision was affirmed by the United States Circuit Court of Appeals for the Second Circuit upon the point involved, *Hardy, Inc.* v. *Commissioner, supra.* The court pointed out that, unless the accounts receivable at the beginning of the year were included in the gross income for 1925 and returns were thereafter to be made upon the accrual basis, the taxpayer's income included in the accounts receivable would never be reflected in the returns of net income made by the taxpayer. The court observed: "There is no provision in the law which permits their escape from taxation, if received."

Of course, it may be that for all years prior to 1934 the petitioner has reported as large an amount of interest income as it would have reported if interest income had been reported on the accrual basis. We have no knowledge upon this point. The facts are, however, that there was an amount of accrued interest income upon the petitioner's books of account at January 1, 1934, which had never been returned for taxation. Manifestly, this amount must be included in the gross income of some year. The failure of the petitioner to make its returns consistently upon the accrual basis may place it in an unfortunate position. But for this situation the petitioner is alone to blame.

As indicated above, the respondent on brief contends that the amount which he should have added to the interest income returned is $5,012.04. Of this amount only the item of $4,787.04 is contested. We hold that the respondent did not err in adding to the interest income reported the amount of $5,012.04, which consists of the $4,787.04 item contested, and the $225 item not contested.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

LEECH dissents on the first point.

———

MURDOCK, dissenting: The majority opinion, I believe, reaches an incorrect result on both issues. The Commissioner determined that the petitioner realized a profit in 1934 from the partial liquidation of its

wholly owned subsidiary, Schuman Motors. The determination is supported by the following evidence: Schuman Motors' only business, the distribution of Studebaker cars, was terminated in 1934, when it gave up the Studebaker franchise and completely closed out its stock of cars; it then had no further business purpose, no employees, and practically no assets except the amount owed it by the petitioner; it dissolved a few years later without ever again engaging in any business; it declared a special dividend of $20,000 at the end of 1934 and could have declared a larger one in the full amount owed it by the petitioner; and the petitioner, at all times material hereto, had custody of all assets of Schuman Motors, was its agent in all business transacted, kept its books, handled all of its financial transactions through the petitioner's own bank account, and controlled Schuman Motors completely. The evidence that there was no resolution to dissolve and no complete dissolution until later is not necessarily inconsistent with the determination of the Commissioner that there was a partial liquidation in 1934. *W. F. Kennemer*, 35 B. T. A. 415; affd., 96 Fed. (2d) 177. The self-serving testimony of officers that they did not intend to dissolve Schuman Motors but intended to use it for a new purpose later is not sufficient, with the other evidence, to show that the Commissioner erred.

The second issue has really two parts—(a) whether the taxpayer must report its interest for 1934 upon an accrual basis, and (b) if it must use the accrual basis, whether any amount in excess of the interest which actually accrued during the year may be included in interest for 1934. I agree with the majority that interest must be reported upon an accrual basis. The interest which actually accrued in 1934 has been stipulated to be less than the amount reported on the cash basis and less than $18,141.37, the amount which the Commissioner has included as interest for 1934. Consequently, unless some adjustment is to be made to correct an error of the petitioner in failing to report for taxation interest which accrued in prior years, the change from the cash to the accrual method of reporting interest will really benefit the taxpayer. The Commissioner has not made claim for any increase in the deficiency. It must be remembered that the taxpayer has not requested permission to change its method. The change is entirely involuntary upon its part. The case of *Hardy, Inc.* v. *Commissioner*, relied upon in the majority opinion, was one in which the taxpayer asked permission to change and, of course, the Commissioner had a right to make the necessary adjustments under such circumstances. But the adjustment was made there for the earlier year of change. Thus, the holding of the majority is without adequate authority to support it. Not only is there an absence of any request to change from the method which the taxpayer has guilelessly used, but the Commissioner has known for years that the taxpayer was using that inconsistent method. The Commissioner may not arbitrarily choose 1934 as

the year in which to make up for possible errors of the past. *Grauman's Greater Hollywood Theater, Inc.*, 37 B. T. A. 448; *Sugar Creek Coal & Mining Co.*, 31 B. T. A. 344; *Tide Water Oil Co.*, 29 B. T. A. 1208; *Bank of Commerce*, 10 B. T. A. 73; *Cooper-Brannan Naval Stores Co.*, 9 B. T. A. 105. Cf. *S. Rossin & Sons, Inc.* v. *Commissioner*, 113 Fed. (2d) 652; *Williams Land Co.* v. *United States*, 31 Fed. Supp. 154.

VAN FOSSAN, TURNER, and MELLOTT agree with this dissent.