Arthur B. Bellwood v. Commissioner.
Bellwood v. Commissioner
Docket No. 26076.
United States Tax Court
1951 Tax Ct. Memo LEXIS 349; 10 T.C.M. (CCH) 50; T.C.M. (RIA) 51013; January 19, 1951
Arthur B. Bellwood, pro se. Joseph Landis, Esq., for the respondent. HARRON Memorandum Findings of Fact and Opinion HARRON, Judge: The respondent has determined a deficiency in income tax for the year 1945 in the amount of $1,228.37. The deficiency results from disallowances of two items of deductions, one of which is no longer claimed by the petitioner. The petitioner claims that he is entitled to a deduction in the amount of $4,309.03 for accrued, unpaid interest on several of his notes evidencing his indebtedness. The petitioner filed his return with the collector at Boston, Massachusetts. Findings of Fact The facts *350 which have been stipulated are found as facts. The respondent gave the following explanation for his disallowance of the deductions for alleged accrued, unpaid interest: "It has been determined that you are not entitled to the deduction of $4,309.03 which you claimed in your return in respect of accrued unpaid interest in the year 1945 on personal debts, for the reason that you do not keep books and are, therefore, not entitled to file your return on the accrual basis." The petitioner has resided at Wellesley Hills, Massachusetts since 1932. During the taxable year 1945, all of the income of the petitioner consisted of salary and commissions which were paid to him during 1945 in compensation for personal services, and which aggregated $9,828.46. During 1945 the petitioner made payments in the total amounts of $758.15 for interest on indebtedness, $280.67 for contributions to charitable and church organizations, and $478.84 for taxes. The Commissioner has allowed deductions for these expenditures. The allowed deductions total $1,517.66. The petitioner's net income on the cash receipts and disbursements basis for 1945 is $8,310.80. During 1945 the petitioner was an officer and *351 employee of a corporation, and he was paid salary monthly. He rendered services to another corporation for commissions which were paid to him during the year. The petitioner did not keep regular accounting books during 1945. Since he had few items of income consisting of salary and commissions, he kept notations of his receipts and expenditures in the margin or stubs of large check books. Prior to 1932 the petitioner was employed by a corporation with offices in New York City, of which he was one of a few stockholders. In 1932, or before, his association with the corporation in New York ended, and he moved to Boston. Since 1932, at least, the petitioner has not kept any regular accounting books, but has followed the same practice which he followed during 1945 of making notations of his receipts and expenditures on the margin or stubs of his check books. From at least 1935 through 1945, all of petitioner's income was paid to and received by him during each year, and he did not have any income which accrued to him but was not paid to and received by him in each taxable year. From 1935 through 1945 the petitioner employed no "accounting method" excepting as noted above. From October *352 of 1920 through January of 1932, the petitioner received loans of funds at various times from six persons, three of whom are relatives, upon his own interest bearing notes, at the rates of either 6, 7, or 8 per cent. The petitioner was unable at any time through the year 1945 to make payments of any interest or of any part of the principal of these notes excepting that he paid $90 interest in October of 1928 on one note; and he paid $60 interest in January of 1939 on another note. In 1948 he paid $1,500 in settlement of several loans from one person to whom he owed, in 1948, principal and interest in excess of $6,609. In several instances, the petitioner gave renewal notes, the principal amount of which represented the amounts of the original notes plus accrued interest. Thus, to one creditor from whom he had borrowed $10,000 in 1920, he gave a renewal note in January of 1939 for the total amount of his original notes plus all accrued interest in the total amount of $26,522. At no time from 1922 through 1945 has the petitioner made any payments on the principal or interest owing to this creditor. In the case of another creditor, the petitioner borrowed $3,420 in 1922. He was unable *353 to pay any interest or principal, and in January of 1939 he gave the creditor a renewal note in the amount of $8,153 for principal and accrued interest. At no time, including 1945, has the petitioner paid any interest or principal to this creditor. In the case of another creditor from whom the petitioner borrowed $2,000 in 1921, the petitioner has been unable to pay him any interest since 1935 through 1945. In January of 1936, the petitioner owed this creditor $4,084, representing the original loan plus accrued interest. As of December 31, 1934, the petitioner estimated that he owed his six principal creditors for the original loans plus accrued and compounded interest, the total amount of $43,889. Of that total sum, he owed the three relatives the estimated total of $29,794. In making this estimate, the petitioner calculated interest at the rate of 6 per cent, adding the interest to the balance on which it was computed, compounding the interest annually. On January 31, 1934, the petitioner sent a letter to the Bureau of Internal Revenue, United States Treasury Department, requesting permission to change his "method of reporting income" from the cash to an accrual basis. Correspondence *354 over the request extended to May 1, 1935. The petitioner advised the Bureau in a letter dated December 31, 1934, that his only accrual item was interest accrued but not paid amounting to $2,810. Subsequently, he advised the Bureau that his reason for requesting permission to file his income tax returns on an accrual basis was that he had been carrying a personal debt for some years which on December 31, 1934, amounted to $46,875, including accrued interest. He advised the Bureau, also, that he had no income which was accrued, but not received, or which was received in advance of the time when earned, that he had no prepaid expenses, and that his only accrued expense was accrued interest on his indebtedness. He submitted a list of his creditors and the amounts owed to December 31, 1934. On April 4, 1935, the Commissioner advised the petitioner that permission would be granted to him to change his "accounting method [italics supplied] for Federal income tax purposes from the cash to the accrual basis effective for the calendar year 1935," provided that the petitioner "irrevocably agree," inter alia, to limit deductions for the taxable year 1935 on account of accrued expenses as of *355 December 31, 1934, to an amount not in excess of the amount of gross income accrued as of December 31, 1934, and reported as income in 1935. The petitioner agreed to the conditions precedent. On May 1, 1935, the Commissioner advised the petitioner that permission was granted to change his "accounting method" from the cash to an accrual basis, effective for the calendar year 1935. In 1935, when the petitioner asked for permission to change his method of reporting income from the cash to an accrual method, he did not disclose to the Commissioner that he kept no books of account and, consequently, had no accounting method. The petitioner filed income tax returns for each of the years 1935 through 1945, in which he took deductions for the interest which accrued in each year on his indebtedness above described. The total amount of the interest deducted in each return for each year included both accrued interest on the indebtedness in question and interest paid in each year on other indebtedness which is not involved in this proceeding. The total amount of petitioner's income for each year, the total of the deductions for interest in each year, and the amount of the accrued interest *356 on the indebtedness in question, as estimated by the petitioner, were as follows: Interest
Total
Income Tax
Income
On Old
Interest
Return
Received *
Debts *
Deducted *
1935
$ 4,800
$2,633
$2,991
1936
not
2,791
not
available
available
1937
1,958
2,958
3,730
1938
2,702
3,137
3,701
1939
2,056
3,324
3,923
1940
4,009
3,573
3,440
1941
5,393
3,735
3,646
1942
5,221
3,960
4,260
1943
7,477
4,197
4,515
1944
11,533
4,452
4,160
1945
9,828
4,706
4,309
The deductions of accrued interest on old debts (the debts in question) absorbed net taxable income for 1935, (the 1936 return not in evidence), 1937, 1938, and 1939. The deductions for accrued interest on old debts have been allowed by the Commissioner for each year from and including 1935 through 1944, but were disallowed for 1945, the year involved in this proceeding. During the years 1935 through 1945, the petitioner has made no payments of any of the amounts of accrued interest which he deducted in returns for the years 1935 through 1945 excepting one payment of $60 to one creditor which was paid on January 14, 1939. In 1948, when *357 petitioner's return for 1945 was under investigation, the petitioner entered in an account book the balances due to each creditor on the old notes and renewal notes, including interest accrued to December 31, 1934, and he entered at the same time the interest on the total balance which had accrued in each year beginning with 1935 through 1948. (Exhibit 2; Stipulation, pars. 21, 22.) This record was made in 1948 and was not a record which had been kept annually during prior years. Only one of the many old notes given to the six creditors was under seal. During 1945 the petitioner owed other notes payable, in addition to the old indebtedness, in the total amount of $6,830, and mortgages amounting to $6,800. His equity in one parcel of mortgaged real estate was about $5,000. He owned a parcel of real estate, which was unencumbered, of a value of about $2,000, and an undivided interest in other property of a value of $750. He owned $150 of savings bonds, an automobile of a value of $600, and household furnishings. His annual salary, exclusive of commissions, was $5,000. At no time since 1935 up to the present time has the petitioner's net worth been greater than in 1945. Opinion
*358 The evidence shows that in every year since 1935, at least, the petitioner's receipts and disbursements have been on a cash basis. In 1935 and since then - through and beyond 1945 - six creditors of the petitioner held his several notes for loans and accrued interest some of which had been given for loans received in 1920, and only one note for $3,000 was under seal. All of the notes became due before January 1, 1939. Some, if not all, of the notes were demand notes. Under the statute of limitations of Massachusetts, legal action on all the notes excepting the one under seal was barred six years after they became due. Mass. Gen. Laws, 1932, ch. 260, sec. 2. There is, to say the least, considerable doubt whether five out of the six creditors of the old indebtedness in question, had any legally enforceable claim on notes against the petitioner after 1944. Three of the five creditors are relatives, one of whom is about 86 years old. Briefly, the situation which existed at the beginning of 1945 was as follows: The petitioner was wholly unable to discharge his indebtedness on old notes to six creditors. He had been unable to pay anything to them on interest or principal over a period *359 of about 22 years, or more. His financial situation in 1945, and during the ten preceding years, was not such that the six creditors could look forward to payment in full, unless they were "incorrigible optimists." Perhaps they could anticipate at some future time some payment in compromise and settlement. For example, the evidence shows that one of the six creditors accepted payment of $1,500 in 1948 in settlement of original loans totalling $5,085, made in 1927, 1928, 1931, and 1932, on which interest had accrued, of which only $90 ever was paid. That is to say, in 1948, the petitioner's payment of $1,500 to this creditor was equal to the original principal amount of one note for a loan of $1,500 made in 1927. The creditor forgave, it appears, six other loans in the original amount of $4,085. After the petitioner obtained, in 1935, permission to change his "method of accounting" from the cash to an accrual basis to begin in 1935, he deducted in income tax returns for ten years beginning in 1935 and ending with the year 1944, accrued interest in the total amount of $34,760. The Commissioner has not denied any of these deductions. Excepting for the payment of $60, the petitioner *360 to the present time has not paid any of the total sum of accrued interest which he deducted in tax returns. Under such facts, the petitioner now contends that the respondent erred in his determination that he is not entitled to report his income and file his tax return for 1945 on an accrual basis, and consequently, that he cannot deduct in 1945, interest in the amount of $4,309.03 which it is alleged accrued in 1945 on very old debts. The petitioner's contention is wholly without merit as a matter of law and must be denied. The respondent has cited and set forth correctly the applicable rules of law in his brief which has been served on the petitioner. It will not serve any purpose to restate the law of which the petitioner now has been advised. The petitioner in fact had no accounting method, but that fact is not determinative. The legal requirement which controls the question presented is simply that net income shall be computed in accordance with such method as in the opinion of the Commissioner clearly reflects income. Section 41, Internal Revenue Code. The petitioner has failed completely to show that the determination of the Commissioner for the *361 year 1945 that net income shall be computed on the cash receipts and disbursements basis is wrong. The petitioner did not pay in 1945 any of the disputed, alleged, accrued interest for 1945, and the evidence about his practice for ten years before 1945 and for five years after 1945, which it is recognized was dictated by necessity and inability rather than choice, shows that it would be a clear contravention of Federal income tax law to allow the claimed deduction in and for 1945. Whatevermay be proper for the petitioner's plight, the applicable rules of law must be followed and applied. It would be clearly wrong for this taxpayer whose income in the taxable year was on a cash basis to accrue unpaid interest in the amount of about one-half of his gross income. See: Schuman Carriage Co., Ltd., 43 B.T.A. 880, 885-889. Furthermore, only interest on legally enforceable obligations is deductible, and it is doubtful, at least, whether most of the debts were enforceable in 1945. Prudence Securities Corporation v. Commissioner, 135 Fed. (2d) 340; and Commissioner v. Park, 113 Fed. (2d) 352. The respondent's determination is sustained. Decision *362 will be entered for the respondent. Footnotes
*. Cents are omitted.↩