George H. Cohn and Camille Cohn v. Commissioner.
George H. Cohn & Camille Cohn v. Commissioner
Docket No. 24472.
United States Tax Court
1951 Tax Ct. Memo LEXIS 234; 10 T.C.M. (CCH) 437; T.C.M. (RIA) 51134; May 11, 1951
*234 Petitioner, George H. Cohn, sold jewelry, much of his business being credit sales. Books were kept on an accrual basis, but credit sales were reported on a cash basis. Held, accounts receivable resulting from credit sales of prior years are not includible in income for the taxable year. J. Clement Johnston, Esq., 1202 Rand Bldg., Buffalo, N. Y., for the petitioner. Clay C. Holmes, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion Respondent determined a deficiency in petitioners' income and victory tax for the taxable year 1943 in the amount of $19,201.39. The year 1942 is also involved due to the Current Tax Payment Act of 1943. The sole issue is whether respondent correctly determined petitioners' gross income on an accrual basis by including therein $37,840.55, which represented *235 credit sales for prior years carried as accounts receivable as of January 1, 1942. Books were kept on an accrual basis but this amount had never been reported as taxable income since credit sales were reported on a cash basis. Findings of Fact George H. Cohn (hereinafter referred to as petitioner) and Camille Cohn, husband and wife, are individuals residing in Buffalo, New York. Joint income tax returns for the taxable years 1942 and 1943 were filed with the collector of internal revenue for the twenty-eighth district of New York at Buffalo, New York. Petitioner operated a retail jewelry business during the years 1935 to 1943, inclusive. As much as 80 or 90 per cent and never less than 50 per cent of petitioner's sales were on credit, many items sold being paid for at the rate of fifty cents or one dollar a week. The average sale amounted to about $30.00 or $40.00. Petitioner's books were kept on an accrual basis and his income tax returns for 1935 through 1943 were filed on a hybrid basis. Petitioner used opening and closing inventories in determining his taxable income but merely reported the cash actually received from his credit sales during the particular taxable year. The *236 amount of such credit sales, however, was always entered on petitioner's books as accrued income. Respondent determined that petitioner kept his books correctly on an accrual basis but that he reported his income improperly for taxation purposes. In his notice of deficiency respondent determined that petitioner should report his business income on an accrual basis, including credit sales, and included $37,840.55 as accounts receivable for the taxable year ended December 31, 1942, without taking into consideration the accounts receivable outstanding on January 1, 1942 in the amount of $38,838.00. Opinion RICE, Judge: Under section 41 of the Internal Revenue Code net income is to be computed upon the basis of a taxpayer's annual accounting period in accordance with the method of accounting regularly employed in keeping his books. If the method of accounting employed does not clearly reflect the taxpayer's income then the computation is to be made in accordance with such method as in the opinion of the Commissioner "does clearly reflect the income." The same question existing in this case confronted us in Estate of Samuel Mnookin, 12 T.C. 744 (1949), *237 affd., 184 Fed. (2d) 89 (C.A. 8, 1950) under a closely analagous factual situation. In that case the taxpayer in the credit clothing and jewelry business kept his books on an accrual basis, except that receipts from credit sales were reported on the cash basis. The respondent determined that credit sales should also be reported on an accrual basis and included credit sales outstanding at the beginning of the taxable year there in question as part of the taxpayer's income for that year. In holding that credit sales incurred before the year in question should not be so treated, we followed our opinion in Greene Motor Co., 5 T.C. 314 (1945). Upon appeal, the Mnookin case was affirmed, the Court saying: "* * * In the years prior to 1942 Mnookin's books were kept on the accrual basis. As so kept they correctly reflected his income for those years. The Commissioner having failed to assert the Government's claims for deficiencies for the years prior to 1942 may not circumvent the statute of limitations barring the Government's claims simply because otherwise the income of Mnookin for years prior to 1942 will escape taxation. Ross v. Commissioner, supra [169 Fed. (2d) 483, 492, *238 (C.A. 1, 1948)]; Countway v. Commissioner, 1 Cir., 127 Fed. (2d) 69, 76. The discretion which the Commissioner has under section 41 of the Code to make such computation as will clearly reflect income does not empower him to add to the taxpayer's gross income for a given year an item which rightfully belongs to an earlier year. The mistaken omission from income of an amount properly includible does not nullify the statute of limitations on assessment and collection of income taxes. Clifton Manufacturing Co. v. Commissioner, 4 Cir., 137 Fed. (2d) 290, 293, 150 A.L.R. 749. "In the years prior to 1942 neither Samuel Mnookin nor the Commissioner had any choice as to the method of reporting taxpayer's income tax required by law. For that reason neither the doctrine of election nor of estoppel is applicable on the facts in this case to sustain the Commissioner's determination. Ross v. Commissioner, supra, 169 Fed. (2d) at p. 493. "The cases relied on by the Commissioner ( William Hardy, Inc., v. Commissioner, 2 Cir., 82 Fed. (2d) 249; Schuman Carriage Co. v. Commissioner, 43 B.T.A. 880; Carver v. Commissioner, 10 T.C. 171, *239 affirmed per curiam 6 Cir., 173 Fed. (2d) 29) are, as the Tax Court points out, distinguishable on the facts from the present case in that in the present case the taxpayer's books were at all times kept on the proper basis and no changes in his method of accounting ever occurred or were required, * * *." [184 Fed. (2d) at p. 92. A similar situation exists here. Petitioner kept his books on a proper basis and no change in his method of accounting is required. Those cases relied on by respondent have already been distinguished from the factual situation here. Cf. Robert G. Frame, 16 T.C. (No. 73), promulgated March 8, 1951; Estate of Samuel Mnookin, supra; Greene Motor Co., supra. On the authority of the Mnookin and Frame cases, we hold that petitioner's net income for the taxable year should not be computed by including therein the amount of credit sales of prior years carried as accounts receivable as of January 1, 1942. Since there were other adjustments made by respondent, which are not in issue here, Decision will be entered under Rule 50.